IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **K.H., on behalf of JOHN DOE, a minor,** | : | **Civil No. 1:22-CV-698** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES REESE,** | : | |
| | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is Defendant James Reese's *pro se* motion to dismiss the complaint for failure to state a claim. (Docs. 7, 10.) For the reasons set forth below, the motion will be denied.

## I.    BACKGROUND

The following facts from the complaint are taken as true for purposes of resolving this motion. In 2016, Defendant James Reese pled guilty to conspiring to publish a notice or advertisement seeking child pornography under 18 U.S.C. § 2251(d), and his sentence for the offense included a term of imprisonment of 240 months and over $50,000 in restitution. (Doc. 1 ¶¶ 10–11; Doc. 1-1 at 1–2, 7.) John Doe is a victim of Reese's child pornography crime and suffered personal injury as a result. (*Id.* ¶¶ 21, 23.)

John Doe's biological father and guardian, Plaintiff K.H., filed this action on John Doe's behalf under 18 U.S.C. § 2255(a) ("Masha's Law"), in which he seeks to

recover $150,000 in statutory damages and the cost of the action, including attorney's fees and pre-judgment and post-judgment interest. (*Id.* ¶¶ 1, 3–4, 25.) The motion has been fully briefed and is ripe for review.

## II.   <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In reviewing a 12(b)(6) motion, the court must "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018) (citation omitted). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedur*e § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id.* at 365. Second, the court must "peel away those allegations that are no more than

conclusions and thus not entitled to the assumption of truth." *Id.* Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  <u>DISCUSSION</u>

Masha's Law provides a civil remedy for personal injuries caused by sexual exploitation of children. 18 U.S.C. § 2255. To prevail on a § 2255 claim, a plaintiff must prove that he or she, while a minor, was a victim of the defendant's violation of an enumerated federal criminal child pornography or child exploitation statute and suffered personal injury as a result. *Id.* § 2255(a). Among the enumerated predicate offenses is sexual exploitation of children in violation of 18 U.S.C. § 2251. *See id*. Section 2255 entitles plaintiffs to "the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." *Id.*; *see also Doe v. Hesketh*, 828 F.3d 159, 170 n.13 (3d Cir. 2016) ("The point of a minimum-damages requirement [in § 2255] is to allow victims of child pornography to recover without having to endure potentially damaging damages hearings.") (quoting *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012)).

Here, the complaint adequately states a claim under § 2255. K.H. alleges that Reese pled guilty to a violation of § 2251(d) in 2016 and attaches documentary evidence in support of Reese's guilty plea and criminal conviction. (Doc. 1 ¶¶ 11, 20; Doc. 1-1.) K.H. also alleges that Doe was victimized as a minor by Reese's crime (Doc. 1 ¶ 21) and suffered a de facto personal injury as a result of the violation.[1] (*Id.* ¶¶ 22–23.) The statute requires nothing more.

Reese denies the complaint's allegation that he possessed pornographic images of Doe (*see* Doc. 1 ¶ 4; Doc. 7 ¶ 2), but such argument is not appropriate for a motion to dismiss, which requires the court to accept as true the complaint's well-pled fact allegations. *Bistrian*, 696 F.3d at 365. Moreover, to the extent that Reese disputes the facts underlying his criminal conviction (*see* Doc. 10 ¶ 1), he is estopped from doing so. *See Hesketh*, 828 F.3d at 169 ("A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the

---

[1] It is well established that child pornography injures the child-victim. *See United States v. Knox*, 32 F.3d 733, 746 (3d Cir. 1994) ("[T]he use of children as subjects of pornographic material [] is harmful to the physiological, emotional, and mental health of the child") (quoting *New York v. Ferber*, 458 U.S. 747, 758, 760 n.10 (1982)) ("[P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. . . . [I]t is the fear of exposure and the tension of keeping the act secret that seem to have the most profound emotional repercussions."); *see also Paroline v. United States*, 572 U.S. 434, 457 (2014) (recognizing that "[t]he unlawful conduct of everyone who reproduces, distributes, or possesses images of the victim's abuse [] plays a part in sustaining and aggravating" the harm to the victim); *Stephens v. Clash*, No. 1:13-CV-712, 2013 WL 6065323, at *4 (M.D. Pa. Nov. 18, 2013) (rejecting that § 2255 requires plaintiffs to prove personal injury in addition to their status as a victim of the defendant's violation of an enumerated criminal statute) (citing *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012)).

defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding . . . brought by the victim.") (quoting 18 U.S.C. § 3664(l)).

Finally, while Reese argues that the restitution he was ordered to pay as part of his criminal sentence excuses him from statutory liability under Masha's Law, this argument also lacks merit. The Third Circuit has held that Masha's Law "permits a victim to bring a civil claim for the violation of a predicate statute even where that victim has previously received criminal restitution for the same violation of that statute." *Hesketh*, 828 F.3d at 159. The complaint thus adequately states a claim for civil damages under Masha's Law.

IV.   **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss the complaint for failure to state a claim will be denied.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: January 4, 2023.